[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 533.]

CINCINNATI BAR ASSOCIATION V. ANDREW MICHAEL STERN.

[Cite as *Cincinnati Bar Assn. v. Stern*, 1997-Ohio-97.]

*Attorneys at law—Misconduct--Indefinite suspension—Failing to deposit client funds in an identifiable bank account—Failing to deliver all property to which client is entitled—Failing to promptly pay or deliver as requested by client funds which client was entitled to receive—Neglecting an entrusted legal matter--Failing to seek lawful objectives of client—Failing to carry out contract of employment—Failing to properly register as an attorney with the Supreme Court—Failing to comply with educational and reporting requirements—Failing to cooperate in investigation of a grievance.*

(No. 96-2784—Submitted February 19, 1997—Decided June 11, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-64.

———————————

{¶ 1} On August 12, 1996, relator, Cincinnati Bar Association, filed a complaint charging respondent, Andrew Michael Stern of Ft. Thomas, Kentucky, Attorney Registration No. 0015023, with violations of several Disciplinary Rules and Rules for the Government of the Bar. Respondent failed to answer or otherwise plead to the complaint.

{¶ 2} On October 31, 1996, relator filed a motion for default judgment. A panel of the Board of Commissioners on Grievances and Discipline ("board") heard the matter on the motion and its attachments and found that in March 1995, respondent undertook to represent Donald R. Fronk in a divorce action and related matters and received a $500 retainer from Fronk. Respondent made no filings on behalf of Fronk and refused to answer Fronk's telephone calls regarding the status

of the case. Respondent then failed to return any portion of the $500 to Fronk when he dismissed respondent as his attorney and requested a return of the retainer. Respondent also failed to return phone calls from relator's investigator. Respondent's only response to the investigation was a January 1, 1996 letter to relator claiming that he had unsuccessful surgery on his shoulder and that the resulting medical complications prevented respondent from practicing law.

{¶ 3} The panel also found that respondent was suspended from the practice of law in the Commonwealth of Kentucky on January 22, 1996 for failure to comply with Kentucky's mandatory continuing legal education requirements. In addition, respondent has failed to register as an attorney with the Supreme Court of Ohio since August 4, 1992, registered late for the 1991-1993 biennium, and failed to register at all for the 1993-1995 and the 1995-1997 biennia. Respondent failed to report his attendance at any approved continuing legal education courses between December 30, 1992 and March 29, 1996, was given a sanction of $150 on April 15, 1994 for his noncompliance with the Ohio CLE requirements, and was given a further sanction in the amount of $750 on June 24, 1996 for continued noncompliance. Respondent does not have an IOLTA account in Kentucky and apparently has no such account in Ohio.

{¶ 4} The panel concluded that respondent's actions and failures to act resulted in violations of DR 9-102(A) (failing to deposit client funds in an identifiable bank account), 2-110(A)(2)(failing to deliver all property to which his client is entitled), 9-102(B)(4)(failing to promptly pay or deliver as requested by the client the funds which the client was entitled to receive), 6-101(A)(3) (neglecting a legal matter entrusted to him), 7-101(A)(1) (failing to seek the lawful objectives of a client), 7-101(A)(2)(failing to carry our a contract of employment), Gov.Bar R. VI(1) and VII (2)(A) (failing to properly register his status as an attorney with the Supreme Court of Ohio), Gov.Bar R. X(3)(A) and X(3)(B)(1)(failing to comply with educational and reporting requirements), and

Gov.Bar R. V(4)(G) (failing to cooperate with relator in the investigation of a grievance).

{¶ 5} In view of respondent's total disregard of the disciplinary process, the panel recommended that respondent be indefinitely suspended from the practice of law. The board adopted the findings, conclusions, and recommendation of the panel.

————————————

*James C. Crowley IV* and *Kevin L. Swick*, for relator.

————————————

***Per Curiam.***

{¶ 6} We concur with the findings, conclusions, and recommendation of the board. Respondent is indefinitely suspended from the practice of law in Ohio. Costs of these proceedings are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————